UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| REKEA PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-01381 |
| | ) | |
| v. | ) | |
| | ) | |
| PEORIA HOSPITALITY LLC, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Rekea Phillips ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Peoria Hospitality LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race-based discrimination, race-based harassment, and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5, have occurred or been complied with.

7. Plaintiff filed a charge of discrimination on the basis of race, color, and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Rekea Phillips, resides in Peoria County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Peoria Hospitality LLC, is a corporation doing business in and for Peoria County, Illinois, whose address is 9106 North Lindbergh Drive, Peoria, IL 61615.

## BACKGROUND FACTS

12. The Defendant hired Plaintiff (African American, Female) as a General Manager on or about September 1, 2021.

13. Defendant employed Plaintiff until Defendant unlawfully terminated Plaintiff on or about May 8, 2023 because of her race (African American) and color, and in retaliation for opposing unlawful discrimination and harassment.

14. Defendant subjected the Plaintiff to race-based discrimination, race-based harassment, a hostile work environment because of her race, and retaliation.

15. Plaintiff is a member of a protected class because of her race, African American.

16. Since the beginning of Plaintiff's employment with Defendant, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

17. Because of the Defendant's actions, Plaintiff suffered adverse employment action, including but not limited to termination.

18. The Plaintiff met or exceeded Defendant's performance expectations during her employment, as she never received a write-up or negative performance mark, and was promoted from Assistant General Manager to General Manager.

19. Plaintiff can show that the adverse employment actions and the discrimination are because of her race.

20. The environment of discrimination pervaded the entire company of Defendant.

21. Beginning in or around November 2022, Plaintiff noticed that she was being discriminated against by Defendant's owner, Philip Patel.

22. Mr. Patel frequently remarked that "The people want to see a white face…", clearly indicating that he believed an African American should not be in a position to greet guests.

23. Mr. Patel regularly insinuated that a Caucasian individual should instead hold Plaintiff's position.

24. This constant racial-discrimination and comparison of African Americans to Caucasians, implying that African Americans are inferior, because a recurring theme in Philip Patel's vocabulary, and lasted throughout Plaintiff's tenure.

25. For example, on another occasion, Mr. Patel blatantly stated "You need to hire some Mexicans," further expressing a preference for races other than African American.

26. These were not the only instances of disparate treatment, and a disturbing pattern and practice of discrimination began to emerge.

27. Any time that Plaintiff would hire African American head housekeepers, they would be scrutinized by upper management and expected to go above and beyond in their housekeeping duties.

28. In contrast, Caucasian head housekeepers would only have to perform the cursory duty of checking rooms, and were allowed to disregard the remaining duties of housekeeping, creating more work for the African American housekeepers.

29. Plaintiff was no longer able to withstand this discrimination, and as such, engaged in protected activity to complain in or around December 2022.

30. To the best of Plaintiff's knowledge, nothing ever came of these complaints and no action was taken.

31. In or around January 2023, Defendant hired a Caucasian housekeeper, Elizabeth

(LNU).

32. Despite being hired as a housekeeper, Elizabeth was allowed to train in Plaintiff's position.

33. This came as a shock to Plaintiff, and Plaintiff experienced intense anxiety, feeling like she could be replaced at any time and her livelihood could be taken away.

34. Plaintiff continued complaining of the discrimination and disparate treatment, but nothing was ever done to remedy the situation.

35. Over the next several months, Plaintiff was consistently left without support, expected to work up to thirty-six hour shifts, and her genuine business ideas and suggestions (i.e., enrolling with Indeed to facilitate hiring employees) were shot down.

36. Other similarly situated non-African American employees were not subject to this same treatment.

37. This unequal treatment demonstrated a clear double standard and underscored the institutionalized racism present within the organization.

38. On or about May 8, 2023, Plaintiff received a call stating that the hotel was sold and the new owner wanted to hire their own General Manager, so Plaintiff was being terminated.

39. However, Plaintiff quickly learned that this reason was pre-text, as the hotel was not being sold.

40. In reality, Plaintiff was terminated on the basis of her race and in retaliation for reporting the race-based discrimination and harassment she suffered at the hands of Defendant and Defendant's owner.

41. Plaintiff's suspicions that she was terminated on the basis of her race were further

confirmed when she learned that her replacement was a Caucasian male, who was given an assistant.

42. Plaintiff never received an assistant, or any additional support, during her almost two-year tenure as General Manager.

43. Therefore, the deeply-rooted racial discrimination, racial harassment, and retaliatory practices Plaintiff experienced during her employment with Defendant led directly to her termination.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

46. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

47. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

48. Defendant's unlawful conduct resulted in considerable harm and adverse employment action, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

49. As a direct and proximate result of the race-based discrimination described above,

Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**(Race-Based Harassment)**

50. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, African-American, and intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

52. Defendant knew or should have known of the harassment.

53. The race-based harassment was severe or pervasive.

54. The race-based harassment was offensive subjectively and objectively.

55. The race-based harassment was unwelcomed.

56. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to her race, African-American.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**(Race-Based Discrimination)**

59. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

61. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

62. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

63. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT IV
**Violation of 42 U.S.C. § 2000e, et seq.**
**(Retaliation)**

64. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

65. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

66. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

67. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

68. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaints of discrimination and harassment.

69. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination and race-based harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

70. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

71. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorney fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 10th day of October, 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*